HARRIS TRZASKOMA

September 25, 2026

The request is granted substantially for the reasons stated. The letter filed by Plaintiff at Dkt. 48 in 26-CV-1171 and at Dkt. 16 in 26-CV-8139 shall remain under seal, and Defendant shall proceed with filing the redacted version of the letter.

SO ORDERED:

9/28/2026

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

**BY ECF**

Hon. Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**Re: *Resnick v. Flaherman*, No. 26-cv-8139 (RA) (RWL)**
***Resnick v. Flaherman*, No. 26-cv-1171 (RA) (RWL)**

Dear Judge Abrams:

We write on behalf of Defendant Michael Flaherman to request that certain information in Plaintiff Adam Resnick's Response Letter, dated September 24, 2026 and filed in both the above-referenced cases (Case No. 26-cv-8139 ("Second Case"), at ECF No. 16; Case No. 26-cv-1171 ("First Case"), at ECF No. 48) (the "Response Letter") be placed under seal.[1] The Clerk's Office has temporarily restricted public access to the Response Letter at our request to permit us an opportunity to make this application. Specifically, we request that certain information in the letter be sealed, because it consists of confidential information that Judge Lehrburger previously ordered be sealed. *See* First Case ECF No. 22 (the "First Case Sealing Order"). Mr. Resnick consents to the temporary restriction of the Response Letter, but takes no position on whether the information in the letter should be sealed.

On page two of the Response Letter, Mr. Resnick references – four times – information that Judge Lehrburger previously ordered sealed because it "is protected as confidential by statute" and "contain[s] sensitive business information." First Case Sealing Order at 3–4 (finding both factors "substantially outweigh the interest in public access" to this information and granting sealing on both bases). Judge Lehrburger permitted the same information contained in the Response Letter to be sealed no fewer than 13 instances in

[1] As Mr. Resnick acknowledges in his Response Letter, Mr. Flaherman "has not [yet] moved under Rule 41(d)" to recover costs incurred in the First Case. Response Letter at 3. Accordingly, we do not address Mr. Resnick's arguments concerning the propriety of such relief. Nevertheless, we wish to address Mr. Resnick's assertions that he dismissed the First Case because he "could not continue to fund the litigation," and that he refiled his lawsuit *pro se* because he "could not afford counsel." *Id.* at 1. Not only was financial hardship not a proper or stated basis to dismiss the First Case, but it directly contradicts what Mr. Resnick previously told us. Indeed, on June 12, 2026, when Mr. Resnick personally wrote to threaten to file a new complaint against Mr. Flaherman, Mr. Resnick informed us: "I represent myself in this matter ***by choice***" (emphasis supplied). At no point before the Response Letter did Mr. Resnick suggest, much less state, that he could not afford counsel, nor did he inform us that he was in substantial arrears to both firms that have represented him in his dispute with Mr. Flaherman. And he certainly never informed Judge Abrams that this was the reason for the precipitous dismissal of the First Case.

125 Broad St., 10th Fl. | New York, NY 10004 | www.harristrz.com | tel: 212.970.6465

judicial documents. *See* First Case ECF No. 3 (sealed version of Memorandum of Law in Support of Motion to Seal Notice of Removal); First Case ECF No. 26 (redacted version of same document filed in accordance with Judge Lehrburger's Sealing Order). Moreover, Judge Lehrburger's Sealing Order commands that "future filings" shall be redacted. Sealing Order at 5.

The same statutory requirements and commercially sensitive nature of the information that led Judge Lehrburger to order its sealing have not changed, and those considerations continue to outweigh the interest in public access to certain information in Mr. Resnick's Response Letter. Accordingly, we respectfully request that the confidential information contained on page two of Mr. Resnick's Response Letter be sealed in accordance with Judge Lehrburger's Sealing Order. We are providing a proposed redacted version of the Response Letter to identify the relevant, though limited, information that should be sealed.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Theresa Trzaskoma*

Theresa Trzaskoma

cc (by ECF): Plaintiff Adam Resnick