UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ADAM RESNICK, Plaintiff, - against - MICHAEL T. FLAHERMAN, Defendant. | : | 26-CV-8139 (RA) (RWL) **ORDER** |

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Whereas on February 11, 2026, Plaintiff filed an action, 26-CV-1171, between the same parties as in the instant action; and whereas on March 2, 2026, the Court entered an order on a motion to seal in the first action; and whereas the same or similar sealing issues have arisen and are likely to continue to arise in the instant second-filed action; and whereas Defendant has requested that the sealing order from the first action be filed in this action (Dkt. 28); and having considered Plaintiff's response to that request (Dkt. 29);

It is hereby ordered that the Order On Motion To Seal at Dkt. 22 in 26-CV-1171, is entered in and applies with equal force to the instant action. A copy of that order is attached hereto. Although that order addresses specific filings in the first action, the order contains the directive that "Redactions of other filings in connection with the motion to seal shall be tailored similarly, as shall redactions of the removal papers ***and future filings***." (26-CV-1171, Dkt. 22 at 5 (emphasis added).) The parties shall adhere to that directive in the instant action.

The Clerk of Court is respectfully directed to terminate the letter motion at Dkt. 28.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: September 30, 2026
New York, New York

Copies transmitted this date to all parties of record.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ADAM RESNICK,<br><br>Plaintiff,<br><br>- against -<br><br>MICHAEL T. FLAHERMAN<br><br>Defendant, | : | 26-CV-1171 (RA) (RWL)<br><br>**ORDER ON MOTION TO SEAL (Dkt. 2)** |

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This is a breach of contract action in which the Plaintiff, Adam Resnick, claims that the Defendant, Michael Flaherman, did not deliver funds as required under the parties' agreement (the "Agreement"). On February 11, 2026, Flaherman removed the case from New York State Supreme Court to this Court. (Dkt. 1.) That same day, Flaherman filed a motion to maintain under seal portions of both the notice of removal and the motion to seal along with their attachments. (Dkt. 2.) The material Flaherman seeks to protect from disclosure includes primarily (i) information protected under federal law, (ii) sensitive business information, and (iii) the terms of the parties' Agreement. Resnick does not oppose the motion. (Dkt. 14 at 1.) The motion has been referred to me. (Dkt. 12.) For the reasons that follow, the motion is GRANTED in part.

The public has a strong presumptive right of access to certain judicial documents, established by the First Amendment, as well as a weaker presumptive right to all judicial documents, established at common law. *Newsday LLC v. County of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013) ("Federal courts employ two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First

Amendment and a slightly weaker form based in federal common law."); *see also United States v. Amodeo*, 71 F.3d 1044, 1047-49 (2d Cir. 1995) (discussing and analyzing the presumption of access under common law).

Determining whether documents may remain under seal despite the presumption of access requires a three-step analysis. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document"; that is, "a filed item that is relevant to the performance of the judicial function and useful in the judicial process." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (internal quotation marks and citation omitted); *see also United States v. Greenwood*, 145 F.4th 248, 254-55 (2d Cir. 2025) ("The common law right of public access turns on whether the document at issue is a judicial document, to which the common law presumption applies").

Second, if the document qualifies as "judicial," the Court assesses the weight of the presumption. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("Once the court has determined that the documents are judicial documents ... it must determine the weight of that presumption). "The weight ... is a function of (1) the role of the material ... in the exercise of Article III judicial power and (2) the resultant value of such information to those monitoring the federal courts[.]" *Bernstein*, 814 F.3d at 142 (internal quotation marks and citation omitted).

Third, the Court balances competing considerations – for instance, the "danger of impairing law enforcement or judicial efficiency," or "the privacy interests of those resisting disclosure" – against the presumption of access. *Amodeo*, 71 F.3d at 1050. Ultimately, sealing may be afforded if the Court finds that doing so is "essential to preserve higher

values and is narrowly tailored to serve that interest." *Bernstein*, 814 F.3d at 144 (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

Here, the notice of removal, motion to seal, and their accompanying materials are judicial documents, as are the documents submitted in response to the motion. *See Olson v. Major League Baseball*, 29 F.4th 59, 88 (2d Cir. 2022) (documents filed in support of motion were judicial in nature, particularly when "explicitly referred to, and quoted" by a party, and forming "one of the key grounds" of a party's argument); *Standard Investment Chartered, Inc. v. National Association of Securities Dealers, Inc.*, No. 07-CV-2014, 2008 WL 199537, at *16 (S.D.N.Y. Jan. 22, 2008) ("Motion papers are judicial documents ... ."). The weight of that presumption is strong with respect to both the notice of removal and the motion to seal, and especially so with respect to the complaint removed to federal court, as it sets forth the plaintiff's claims that are the basis for the case.[1]

Flaherman offers three reasons why the presumption of access to the documents and information at issue is outweighed by other, higher interests. First, much of the information that serves as the subject of the Agreement and the backdrop of the dispute concerns "taxpayer return information" that is protected as confidential by statute. *See* 26 U.S.C. § 6103. Second, by their very nature, the Agreement and other documents at issue contain sensitive business information that Flaherman contends would be severely detrimental to his livelihood if publicly disclosed.[2] Although protection is far from

---

[1] Resnick filed a notice and summons in state court. Flaherman requested Resnick file a complaint. The parties dispute whether the complaint was officially filed or only proposed for filing. (*Compare* Dkt. 3 at 2 n.1 *with* Dkt. 14 at 4-5.)

[2] Although Resnick does not oppose Flaherman's motion to seal, he nonetheless asserts in response that Flaherman has publicly disclosed information he seeks to maintain under seal. (*See* Declaration of Adam Resnick, dated February 25, 2026 at Dkt. 19 ¶¶ 4-9.)

automatic, *New York v. Actavis, PLC*, No. 14-CV-7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014), courts in this District "routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information." *IBM Corp. v. Micro Focus (US), Inc.*, No. 22-CV-9910, 2024 WL 343265, at *1 (S.D.N.Y. Jan. 30, 2024).

Third, Flaherman contends that Resnick is using this lawsuit and his court filings for the improper purpose of revealing terms of the Agreement and other information that the Agreement requires be kept confidential. The Court finds persuasive the first two reasons advanced by Flaherman, but not the third – at least not based on the limited evidence before the Court at this juncture.[3] Regardless, the Court finds that – for now – both the statutory mandate protecting tax return information and the sensitive nature of the information at issue substantially outweigh the interest in public access and therefore may be maintained under seal.

At the same time, the redactions made by Flaherman are overbroad and not narrowly tailored; they sweep in information that can be disclosed without revealing the protected and sensitive information at issue. Accordingly, for the brief in support of the motion to seal, the following portions must be unredacted: pp. i (point headings I and II in

---

Resnick's assertions, however, are hearsay and do not include any supporting documents. The Court does not credit Resnick's assertions for purposes of the instant motion.

[3] In support, inter alia, Flaherman faults Resnick for filing papers in state court under seal but not being sufficiently select, thereby increasing the likelihood that sealing would not be granted; failing to redact the entirety of a heading on the first page of his response to the motion to seal; disclosing confidential information in another matter; and failing to meet and confer as required by this Court's rules. (*See* Dkt. 3 at 10-12.) The Court makes no judgment at this time as to the merits of Flaherman's accusations.

full); 4 (second redaction section: from "business information" through "Internal Revenue Code"); 5 (under Point I, from "The Internal Revenue Code" through "taxpayer information" and from "'Return information' is defined" through the citation after the block quote); 7 (the entirety of the full paragraph from "Courts routinely allow" through "(S.D.N.Y. 1979))."); 8 ("return information" in first line; all redactions in the first full paragraph – "In order to comply …"; the entirety of Point II's heading; the beginning of the first paragraph under Point II from "In addition" through "(collecting cases)."); 9 (fourth line from the bottom from "This is the type of" through the end of the page); 10 (first line from beginning "business information" through "that 'overcome the presumption of access' (citation omitted))."; first sentence of first full paragraph from "the significant harm" through "financial interests"); 11 (third line from bottom "Defendant's work" and "and his career"; last line "'could cause irreparable harm to'"); 12 (first two lines entirely; first full paragraph's last sentence from "thereby ruining" through "competitive standing"; last two lines entirely); 13 (first two lines entirely). Redactions of other filings in connection with the motion to seal shall be tailored similarly, as shall redactions of the removal papers and future filings.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 2.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: March 2, 2026
New York, New York

Copies transmitted this date to all counsel of record.